## MAXEY & LEIGH v. JOHN S. BESSER.

1. ATTORNEY'S LIEN.—On the rendition of a decree of divorce, a trustee was appointed by the court to sell the homestead and divide the proceeds between the parties, taking their receipts therefor. The trustee made sale and delivered the half of the proceeds collected to the attorneys of the wife, they giving their obligation to the trustee to pay over the money and take her receipt for same. The attorneys, after deducting their fee, tendered the remainder, which was refused. The trustee thereupon paid their client the entire amount, and brought suit against the attorneys: *Held*, That in defense of such suit the attorneys could not set off their fee in the divorce suit.

2. DUTY OF TRUSTEE.—The trustee being ordered to pay over the proceeds of sale to the parties, nothing else than actual payment could

satisfy the order of the court. The payment to the attorneys, as in this case, was not intended to be such payment, and therefore the funds in the hands of the attorneys was not the property of their client.

APPEAL from Walker. Tried below before the Hon. J. R. Burnett.

April 3, 1873, a decree of divorce was rendered in the District Court of Walker county, divorcing Frances C. Momand from her husband, D. W. Momand.

By the decree, John S. Besser was appointed trustee to sell the homestead of the parties, and to pay the proceeds of such sale, one-half to each party, and to take the receipt of each respectively. Besser accepted the trust, made the sale, and of the cash payment he handed the half, being $212.16 gold, to Maxey & Leigh, the attorneys of Mrs. Fannie C. Momand, taking their receipt as follows:

"Rec'd, Huntsville, May 6, 1873, of John S. Besser, as trustee and receiver in the case of Frances C. Momand v. D. W. Momand, in Walker county District Court, two hundred and twelve and $\frac{16}{100}$ gold dollars, which we promise to pay said Frances C. Momand, taking her receipt for the same.

MAXEY & LEIGH."

These attorneys, with Randolph & McKenney, had represented said Frances C. in her suit, and their fee was admitted to have been reasonably worth more than one hundred dollars, and it was shown that she had promised to pay her attorneys out of the proceeds realized in the suit.

Maxey & Leigh tendered Mrs. F. C. Momand the money less one hundred dollars claimed as their fee, which she declined. Demand was made for the money by Besser and Mrs. Momand, but Maxey & Leigh insisted on retaining their fee, but offered to retain but $50 of the cash in their hands, the remainder to be paid out of the deferred payment still due on the sale of the land. This was also declined. Besser then paid the entire sum to Mrs. Momand and brought suit against Maxey & Leigh for the money in their hands.

A jury was waived, and these facts appearing, the defendants, insisting upon their right to their fee of one hundred dollars, tendered the remainder in court. Judgment was rendered for the entire sum claimed by plaintiff, and defendants appealed.

*Maxey & Leigh* and *Randolph & McKenney*, for appellants.

The testimony fully establishes all the allegations in the special plea of appellants. The appellee himself testifies that "he was actuated in turning over the money to Mr. Leigh to enable the attorneys to collect their fee." A payment to an attorney is as effectual as if made to the principal; and when the appellee paid the two hundred and twelve and $\frac{16}{100}$ dollars to Mrs. F. C. Momand's attorneys of record he was discharged from any further liability therefor. (2 Pars. on Cont., 614, and the numerous authorities there cited.) An attorney has a lien for his fees on money collected. (3 Id., 269; Able *v.* Lee, 6 Tex., 431; Casey *v.* March, 30 Tex., 185; Randolph, Bowen & Co. *v.* Randolph, 34 Tex., 184; Mongett *v.* Tassur, 5 La. Ann., 165.)

It may be contended, inasmuch as the money which had been collected was the proceeds of the sale of the homestead, that no lien attached. Mr. Drake, in his work on Attachments, sec. 244, says: "If the party who might avail himself of the execution sell the exempted property, a debt due him therefor may be attached." In support of this he cites Scott *v.* Brigham, 27 Vt., 561, and Knabb *v.* Drake, 23 Penn. St., 489. Although the sale in the case before the court was made by a trustee, it was made, as the record will show, by consent of the parties, and in no manner differs in principle from the cases where the sales were made by the parties themselves.

The appellants here again tender in gold the amount sued for, less their said fee of one hundred dollars, and ask the

court to reverse the judgment below and render such judgment here as should be rendered.

*John S. Besser*, for self.

ROBERTS, CHIEF JUSTICE.—Besser, as trustee, was required by the order of his appointment to pay over the money to Mrs. Frances C. Momand, and to take her receipt for the same. Maxey & Leigh, by their receipt, acknowledged the receipt of the money, and undertook to do both of those things which he (Besser) was bound to do, to wit, to pay to her the money and to take her receipt for the same. Upon their refusal to pay her the whole of the money, Besser paid it to her himself, taking her receipt for the same, as he was required to do by the order of the court.

Upon this state of case Besser brought his action against Maxey & Leigh to recover back the money he had deposited with them.

The defense set up by them was that they were entitled to retain one hundred dollars of the money as a reasonable fee as attorneys in attending to the suit of divorce, in which, upon a division of property between her and her husband, this money had been realized on a sale by Besser, as a trustee appointed by the court; that the money being in their hands, they had a lien upon the same to the extent of their said fee, and that they had tendered the balance of said money to her and to Besser, and were ready to pay the same.

The only real difference between the parties was one of law arising upon the facts, which involved the question of the right of Maxey & Leigh to retain one hundred dollars, which was shown to be a reasonable fee for their services in the divorce suit.

The jury being waived and cause submitted to the court, a judgment was rendered in favor of Besser for the full amount of money that he had deposited with Maxey &

Leigh, with interest thereon, from which they have appealed to this court.

The judgment of the court is correct, because as shown by their receipt Maxey & Leigh became the agents of Besser to pay over the money to her and to get her receipt for the same in pursuance of the order under which he was acting, of which, it may be presumed, they had full notice, having been her attorneys in the suit in which the order was made. Nothing less than her receipt, executed by her or by some one having authority to give a receipt for her in her name, would serve Besser as a proper voucher in his report to the court accounting for the discharge of his duty under the trust confided to and assumed by him, sanctioned by his oath and bond, and by the penalties consequent upon a non-compliance with the orders of the court as receiver and trustee. He did not place the money in their hands as her attorneys as a payment thereof to her, nor did they so receive it. Had such been the case they would have given him a receipt in her name, or expressly as her attorneys, in such manner as to have made it, on its face, tantamount to a receipt in her name. It is not necessary to consider what would have been their rights if they had so received and receipted for the money, and Besser had so paid it to them and accepted such a receipt from them, for that is not the case made here by the pleadings and evidence. Besser was the agent of the court to carry out its decree, and unless he had gratuitously assumed it, he should not be placed in the position of litigating with Maxey & Leigh their right to and the amount of their fee, she not being a party to the suit settling the amount of the fee; and then afterwards, if she was dissatisfied with the allowance made to them, of litigating with her, in a proceeding instituted by her against him, their right to retain the money, and that it was a reasonable fee so retained, which would have been his position if this suit had been adjudged against him.

The right of an attorney to receive and receipt for the

money of his client, paid to him as attorney in the ordinary course of collection, and his right to retain his fee in such case, is well established. In such a case the money becomes his client's money the moment he receives it as attorney. It has reached its destination legally, and if lost it is the client's loss, or if a dispute arises between the client and and attorney as to the right of the fee or the amount of it, they are the proper parties to litigate such matters. But in the case before us the money had not reached its destination, and if it had been lost in the hands of Maxey & Leigh, it would have been the loss of Besser and not that of Mrs. Momand, who had not received and receipted for it. And, therefore, when they failed to do what he was bound to do, which they had undertaken to do for him, he paid the money to her, and properly brought this suit to recover back his money in their hands. The judgment is affirmed.

AFFIRMED.